**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

TYREE STEPHENS,                  :
                                        Civil Action No. 07-6157 (RMB)
      Petitioner,    :

      v.             :    **OPINION**

STATE OF DELAWARE, et al.,       :

      Respondents.   :

**APPEARANCES:**

Petitioner <u>pro se</u>
Tyree Stephens
Southern State Correctional Facility
Compound A, Unit 4-Left
P.O. Box 150
Delmont, NJ 08314

**BUMB**, District Judge

    Petitioner Tyree Stephens, a prisoner currently confined at Southern State Correctional Facility in Delmont, New Jersey, has submitted a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondents are the State of Delaware and the Attorney General of the State of Delaware.  Because this Court is not the proper venue for this action, it will be transferred to the United States District Court for the District of Delaware.

I.  BACKGROUND[1]

Petitioner is presently in custody in New Jersey pursuant to a conviction in the state courts of New Jersey.  Petitioner does not challenge, here, the New Jersey conviction.

In 1998, Petitioner was convicted in the state courts of Delaware of burglary and conspiracy and was sentenced to a term of 18-months probation.  Petitioner alleges that the State of Delaware issued a fugitive warrant against him in 2003, pursuant to which he was arrested in New Jersey and waived extradition.  However, Delaware authorities never took custody of him.  Petitioner alleges that Delaware authorities have "reactivated" the fugitive warrant, but have failed to proceed against him, and that the outstanding warrant and related charges are having some sort of prejudicial impact against him with respect to his New Jersey sentence.

Petitioner seeks to compel Delaware authorities to afford him appropriate procedural due process with respect to the outstanding warrant and related charges.

II.  ANALYSIS

As Petitioner seeks to challenge the validity of the Delaware fugitive warrant, this Court is not the proper forum.  See Chatman-Bey v. Thornburgh, 864 F.2d 804, 813-14 and n.10

---

[1] This statement of background facts is taken from the Petition, and is assumed to be true for purposes of this Opinion and accompanying Order.

(D.C. Cir. 1988) (a court may raise considerations of venue sua sponte); Garcia v. Pugh, 948 F.Supp. 20, 23 (E.D. Pa. 1996)(same).  See also 15 Charles Alan Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure § 3844 (2d ed.).

Petitioner must challenge his future state custody in the appropriate federal court sitting in Delaware.  See 28 U.S.C. §§ 2241(d), 2254.  See also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-94 (1973) (in habeas action to compel state-court trial, district where indictments were pending, where all of the material events took place, and where the records and witnesses pertinent to the petitioner's claims were likely to be found was "almost surely the most desirable forum for the adjudication of the claim").

Pursuant to 28 U.S.C. § 1404(a), "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Pursuant to 28 U.S.C. § 1391(b), this action might have been brought in a judicial district in which "any defendant resides, if all defendants reside in the same State," or "in which a substantial part of the events or omissions giving rise to the claim occurred," or "in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Here, Petitioner challenges the validity of a Delaware fugitive warrant, related to a conviction in the Superior Court of New Castle County, in Wilmington, Delaware. The respondents and relevant events, witnesses, and evidence (with the exception of Petitioner, himself) are located in Delaware. Thus, venue of this action properly lies in the U.S. District Court for the District of Delaware.

Petitioner alleges that the state courts have failed to act on his petitions pending therein and that continuing efforts in the state courts would be futile. The Court construes this as an allegation that circumstances exist that render state court corrective process ineffective to protect Petitioner's rights, within the meaning of 28 U.S.C. § 2254(b)(1)(B)(ii), so that exhaustion of state court remedies should be excused. This is an allegation that is best determined by the federal court where venue of this action is proper. Accordingly, it appears to be in the interest of justice to transfer this action.

## IV. CONCLUSION

For the reasons set forth above, the Court will order this Petition transferred. An appropriate order follows.

                                          s/Renée Marie Bumb
                                          Renée Marie Bumb
                                          United States District Judge

Dated: January 4, 2008